ANÍBAL VEGA BORGES, en su capacidad oficial como COMISIONADO ELECTORAL DEL PARTIDO NUEVO PROGRESISTA, peticionario, *v.* LIZA GARCÍA VÉLEZ, en su capacidad oficial como PRESIDENTA DE LA COMISIÓN ESTATAL DE ELECCIONES; GUILLERMO SAN ANTONIO ACHA, en su capacidad oficial como COMISIONADO ELECTORAL DEL PARTIDO POPULAR DEMOCRÁTICO; PARTIDO INDEPENDENTISTA PUERTORRIQUEÑO (PIP), por conducto de su COMISIONADO ELECTORAL SR. ROBERTO I. APONTE BERRÍOS, y PARTIDO DEL PUEBLO TRABAJADOR (PPT), por conducto de su COMISIONADO ELECTORAL DR. JOSÉ F. CÓRDOVA ITURREGUI, recurridos.

*Número:* CT-2016-0015      *Resuelto:* 31 de octubre de 2016

*Luis E. Meléndez Cintrón*, de *Pedro Ortiz Álvarez, LLC*, y *Jorge Martínez Luciano*, de *M.L. & R.E. Law Firm*, abogados de Guillermo San Antonio Acha, comisionado electoral del Partido Popular Democrático, parte recurrida; *Hamed G. Santaella Carlo*, abogado de Aníbal Vega Borges, comisionado electoral del Partido Nuevo Progresista, parte peticionaria; *Rosa M. Seguí Cordero*, abogada de José F. Córdova Iturregui, comisionado electoral del Partido del Pueblo Trabajador, parte recurrida; *Manuel Izquierdo Encarnación* y *Héctor E. Pabón Vega*, de *Izquierdo, Pagán & Pabón*, abogados de Liza García Vélez, presidenta de la Comisión Estatal de Elecciones, parte recurrida.

## RESOLUCIÓN

Atendidas la *Moción urgente de desestimación por falta de jurisdicción del Tribunal y, en la alternativa, solicitud de orden aclaratoria sobre consolidación*, presentada por el Comisionado Electoral del Partido Popular Democrático, Lcdo. Guillermo San Antonio Acha, la *Moción en oposición a desestimación y acreditando notificación del Comisionado Electoral del PNP*, presentada por el Comisionado Electoral del Partido Nuevo Progresista, Lcdo. Aníbal Vega Borges, y la *Moción de desestimación* presentada por el Comisionado Electoral del Partido del Pueblo Trabajador,

Dr. José Córdova Iturregui, *se provee "no ha lugar" a la desestimación solicitada.*

Se aclara que, en vista de que los casos están consolidados, cualquier determinación de este Foro se extiende a ambos recursos.

*Notifíquese inmediatamente por correo electrónico.*

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado Señor Martínez Torres hizo constar la siguiente expresión, a la cual se unieron la Jueza Asociada Señora Pabón Charneco y los Jueces Asociados Señor Kolthoff Caraballo y Señor Rivera García:

> Estoy conforme con proveer "no ha lugar" a las mociones de desestimación porque, como señalan los votos disidentes, en la alternativa, el término de veinticuatro horas dispuesto en el Art. 4.001 de la Ley Electoral del Estado Libre Asociado de Puerto Rico, 16 LPRA sec. 4031, para *notificar* un escrito de revisión es de cumplimiento estricto. Lo que es jurisdiccional es el término para *presentar* el escrito de revisión ante el Tribunal de Primera Instancia. En este caso, antes de que el término para notificar expirara, el foro primario lo prorrogó por justa causa mediante una orden para que se notificara copia de la solicitud de revisión junto con la citación a una vista. Orden del juez superior Ángel R. Pagán Ocasio de 27 de octubre 2016, a las 4:26 p. m. Por lo tanto, los casos que cita la disidencia son totalmente distinguibles. Así, por ejemplo, cuando desestimamos el recurso de *certiorari* presentado en *Luis A. Rodríguez Aponte (Comisionado Electoral) y otros v. Comisión Local de Elecciones de Las Marías Precinto 034*, CC-2016-1017, lo hicimos porque la presentación de ese escrito no se notificó y el término no se había prorrogado. Laceraría la confianza del Pueblo en la justicia que pretendamos tratar situaciones distintas como si fueran iguales.

La Jueza Presidenta Oronoz Rodríguez emitió la expresión siguiente:

> Disiento de la determinación de una mayoría de este Tribunal y declararía "con lugar" la desestimación solicitada. El Art. 4.001 de la Ley Electoral del Estado Libre Asociado de Puerto Rico (Ley Electoral), 16 LPRA sec. 4031, provee, sin ambages, que la parte que interese revisar un dictamen de la Comisión Estatal de Elecciones (CEE) tendrá *un término de 24 horas*

para presentar el recurso de revisión *y notificarle a la CEE y a las partes afectadas*. Este es un requisito estatutario para perfeccionar el recurso de revisión. Por lo tanto, su incumplimiento *priva de jurisdicción al tribunal*.

En este caso, el Comisionado Electoral del Partido Nuevo Progresista (PNP) *aceptó* que no notificó su escrito a la CEE y a las demás partes dentro del término de veinticuatro horas exigido por el estatuto. La falta de jurisdicción es patente y el curso legal obligado es la desestimación. Hemos expresado reiteradamente que ningún tribunal puede arrogarse la jurisdicción que no tiene. Las partes tampoco se la pueden conferir. Este no es un asunto de jurisdicción sobre la persona, sino una obligación que impone la Ley Electoral y cuyo incumplimiento priva de jurisdicción al foro.

Sin embargo, varios miembros de este Tribunal consideran que el término para notificar el escrito de revisión a la CEE y a las partes afectadas es de cumplimiento estricto. Así, consideran que el foro primario prorrogó mediante una orden el término para cumplir con el requisito de notificación, *aun cuando el Comisionado Electoral del PNP no le solicitó* dicha prórroga al foro de instancia; por ende, no pudo haberla justificado. En este escenario, aparte que no surge de la orden del tribunal una intención de prorrogar el término, considero que el tribunal no hubiera podido hacerlo, pues es "norma trillada" en nuestro ordenamiento procesal que se requiere una justa causa para que un tribunal pueda, en el ejercicio de su discreción, prorrogar un término. *Rosario Mercado v. ELA*, 189 DPR 561, 563 esc. 1 (2013) (Opinión del Juez Asociado Señor Martínez Torres).

De ahí que en *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013), los que hoy argumentan que el término en cuestión se prorrogó, antes expresaron que "[l]a parte que actúa tardíamente debe hacer constar las circunstancias específicas que ameriten reconocerse como justa causa para prorrogar un término de cumplimiento estricto. Si no lo hace, *los tribunales 'carece*[n] *de discreción para prorrogar el término* y, por ende, acoger el recurso ante su consideración' ". (Corchetes suplidos y en el original, énfasis en el original suprimido y énfasis suplido). Íd. Esto, sin considerar que la distinción que estos miembros del Tribunal sugieren entre el carácter jurisdiccional del término para *presentar* un escrito y el carácter de cumplimiento estricto del mismo término para notificar tal escrito, no tiene base en la Ley Electoral.

Además, cabe enfatizar que recientemente este Tribunal, *en forma unánime*, declaró "no ha lugar" un recurso de *certiorari* presentado por el Partido Popular Democrático en el caso *Luis*

*A. Rodríguez Aponte (Comisionado Electoral) y otros v. Comisión Local de Elecciones de Las Marías Precinto 034*, CC-2016-1017, por incumplir con el Reglamento de este Tribunal al no certificar, dentro de las veinticuatro horas de presentar su escrito, que notificó su recurso a las demás partes vía fax o personalmente y por teléfono. Véase Regla 22(E)(3)–(5) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. A pesar de que en este caso el Comisionado Electoral del PNP incumplió con un requisito análogo, una mayoría de este Tribunal resuelve de forma distinta.

Laceramos la confianza del Pueblo en esta institución cuando ante situaciones similares, resolvemos de forma inconsistente. Por todo lo anterior, disiento.

La Juez Asociada Señora Rodríguez Rodríguez emitió un Voto particular disidente. El Juez Asociado Señor Feliberti Cintrón emitió un Voto particular disidente, al cual se unió la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado Señor Colón Pérez.

El Juez Asociado Señor Colón Pérez hizo constar la expresión siguiente:

Hace tan solo cinco días —el 26 de octubre de 2016— que en *Luis A. Rodríguez Aponte (Comisionado Electoral del PPD) y otros v. Comisión Local de Elecciones de Las Marías*, CC-2016-1017, un caso con controversias en extremo similares a la que hoy nos ocupa, los nueve Jueces que componemos este Tribunal procedimos de forma correcta al desestimar por falta de jurisdicción un recurso de revisión judicial en el cual el Comisionado Electoral del Partido Popular Democrático de Las Marías nos solicitó que revisáramos un gran número de recusaciones por razón de domicilio efectuadas en ese municipio. Procedimos así ya que el recurso presentado por este no se había notificado a las partes dentro del término de veinticuatro horas que establece la Regla 22(E) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, análoga al Art. 4.001 de la Ley Electoral del Estado Libre Asociado de Puerto Rico, 16 LPRA sec. 4031. Hoy, en un caso en el que el Comisionado Electoral del Partido Nuevo Progresista nos solicita que revisemos ciertas determinaciones de la Comisión Estatal de Elecciones relacionadas con el voto adelantado de electores con impedimentos de movilidad (encamados), una mayoría de este Tribunal —*sin brindar razones válidas en derecho para ello*— se niega a desestimar por falta de jurisdicción un recurso que adolece, en esencia, del mismo defecto. No podemos avalar con nuestro

voto ese lamentable y errado proceder. Con el mismo sentido de justicia y de responsabilidad que empleé al disponer del caso *Luis A. Rodríguez Aponte (Comisionado Electoral del PPD) y otros v. Comisión Local de Elecciones de Las Marías*, hoy desestimaría por falta de jurisdicción el caso ante nos.

*(Fdo.)* Juan Ernesto Dávila Rivera
*Secretario del Tribunal Supremo*

— O —

Voto particular disidente emitido por la Juez Asociada Señora Rodríguez Rodríguez.

Disiento del curso trazado por la mayoría. Durante estos pasados años, los miembros de esta mayoría que hoy permite que este litigio continúe en el foro de instancia, a pesar de que claramente ese tribunal carece de jurisdicción, han repetido, cual monje tibetano, el mantra de que *"cuando el texto de la ley es claro, hay que respetar su contenido"*. La reiteración de tal expresión choca frontalmente con el curso de acción que hoy validan.

El Artículo 4.001 de la Ley Electoral del Estado Libre Asociado de Puerto Rico (Ley Electoral), 16 LPRA sec. 4031, al referirse al proceso para revisar un dictamen de la Comisión Estatal de Elecciones, dispone que, "[d]entro de los treinta (30) días anteriores a una elección el *término para presentar el escrito de revisión será de veinticuatro (24) horas. La parte promovente tendrá la responsabilidad de notificar dentro de dicho término copia del escrito de revisión a la Comisión y a cualquier otra parte afectada"*. (Énfasis nuestro). El Partido Nuevo Progresista, en su escrito ante este Tribunal, *no rebate* que incumplió con este término. En su lugar, elucubra teorías arteras de cómo se debe interpretar este artículo para que diga lo que no dice. Este incumplimiento priva al foro de instancia de jurisdicción para atender el asunto. Recuérdese que, en reiteradas

ocasiones, este Tribunal ha dispuesto que "[l]a ausencia de jurisdicción no es susceptible de ser subsanada y las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni éste puede adjudicársela". *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). Véanse, además: *Rodríguez Rivera v. De León Otaño*, 191 DPR 700 (2014); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

El artículo en cuestión contiene un solo término, *el de veinticuatro horas*. Claramente, la ley dice que ese término es tanto para acudir en revisión como para notificar a la parte afectada. Así de sencillo. La mayoría de este Tribunal parece concluir otra cosa.([1])

---

([1]) El razonamiento que hizo constar el Juez Asociado Señor Martínez Torres para denegar la moción urgente de desestimación en este caso me parece, como poco, innovador. La tesis propuesta supone que el término de veinticuatro horas del Artículo 4.001 de la Ley Electoral del Estado Libre Asociado de Puerto Rico sufre de un trastorno de identidad *disociativo* (*multiple personality disorder*) que, a conveniencia, se desdobla. En ocasiones, el término es jurisdiccional y, en otras, resulta ser de cumplimiento estricto. Considero este proceder poco riguroso.

Reitero una obviedad: los términos jurisdiccionales no son prorrogables. Véanse: *J. Exam. Tec. Méd. v. Elías et al.*, 144 DPR 483, 495 (1997); *Aponte v. Policía de P.R.*, 142 DPR 75 (1996). Una vez clasificado un término como *jurisdiccional*, y en ausencia de alguna disposición legal en contrario, las acciones para cumplir con tal término, ya sean presentar un recurso o notificarlo, no modifican lo que ya ha sido caracterizado como *jurisdiccional*. Ya que el Artículo 4.001 dispone *un término único* en el que se tienen que realizar múltiples actos —entiéndase, la presentación y la notificación del recurso de revisión judicial—, no cabe el desdoblamiento propuesto.

Por otro lado, aun si para fines de la argumentación aceptáramos que el término para notificar es de cumplimiento estricto, cabe resaltar que, tanto ante el Tribunal de Primera Instancia como ante este Foro, la parte peticionaria no solicitó "prorrogar" el término de notificación ni presentó justificación alguna para incumplir con éste. Como sabemos, un término de cumplimiento estricto lo que supone es que la parte puede incumplirlo si logra comprobar a satisfacción del tribunal que hubo justa causa para el incumplimiento. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013); *Arriaga v. F.S.E.*, 145 DPR 122 (1998). Es meritorio señalar que "[e]l poder para ejercer tal discreción[, a saber, prorrogar el término de cumplimiento estricto] surge sólo cuando la parte que lo solicita demuestra justa causa para la tardanza. En ausencia de tales circunstancias, dicho tribunal carece de discreción para prorrogar el término y, por ende, acoger el recurso [...]". (Énfasis suprimido). *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657 (1997).

Señalar que el juez de instancia, cuando emitió una orden para calendarizar los procesos en su sala de recursos extraordinarios, lo que hizo fue prorrogarle al peticionario el término para notificar la solicitud de revisión a la otra parte, es, a mi juicio, poco prudente. Adviértase que la propia Orden del foro de instancia se emite "a tenor con el Artículo 4.001 del Código Electoral de Puerto Rico [...]". Orden del Juez Superior Ángel R. Pagán Ocasio, 27 de octubre de 2016, Anejo de la Moción en

Hace apenas unos días, cinco para ser exacta, el Partido Popular Democrático presentó ante este Tribunal un recurso de *certiorari* en el caso *Luis A. Rodríguez Aponte (Comisionado Electoral) v. Comisión Local de Elecciones de Las Marías Precinto 034*, CC-2016-1017. En el recurso se cuestionaba la validez de unas recusaciones de domicilio de miembros del Partido Popular. Correctamente lo desestimamos porque el Partido Popular incumplió con notificar el recurso dentro del término de veinticuatro horas que provee nuestro Reglamento para estos casos.(²) ¡Uno de los factores que evaluamos al tomar nuestra decisión fue el Art. 4.001 de la Ley Electoral, que utiliza el mismo lenguaje! Consideramos, precisamente, que por motivo de la proximidad de las elecciones generales del 8 de noviembre de 2016, los tribunales disponemos de términos cortos para resolver este tipo de recursos.

¿Ayer sí, hoy no?

— O —

Voto particular disidente emitido por el Juez Asociado Señor Feliberti Cintrón, al cual se unen la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado Señor Colón Pérez.

El pasado viernes 28 de octubre de 2016 emitimos una Resolución expidiendo el recurso de epígrafe. Inconforme, en horas de la tarde del sábado 29 de octubre de 2016, el Comisionado Electoral del Partido Popular Democrático,

---

Oposición a Desestimación y Acreditando Notificación del Comisionado Electoral del PNP, pág. 21. A todas luces, la explicación de lo ocurrido se revela como un malabarismo jurídico. Quien está prorrogando el término es la interpretación acomodaticia de este Tribunal.

(²) Por otro lado, me parece desatinado que el Juez Asociado Señor Martínez Torres desacredite en sus expresiones la analogía que hicieran varios miembros de este Tribunal con este caso. En concreto, el Juez Asociado sugiere que dicho caso es distinguible a los hechos ante nuestra consideración porque el término no se había prorrogado. No obstante, ello me parece inconsecuente debido a que el recurso de *certiorari* se desestimó por *no haber sido notificado dentro del término jurisdiccional correspondiente*. Según comenté anteriormente, el término jurisdiccional aplicable en *Luis A. Rodríguez Aponte*, al igual que en este caso, no podía prorrogarse.

Lcdo. Guillermo San Antonio Acha, presentó una Moción Urgente de Desestimación por Falta de Jurisdicción del Tribunal y, en la Alternativa, Solicitud de Orden Aclaratoria sobre Consolidación (Moción Urgente).(¹) Por entender que, efectivamente, el recurso de revisión presentado por la parte aquí peticionaria ante el Tribunal de Primera Instancia —objeto del presente recurso de certificación intrajurisdiccional— *no* fue notificado a las otras partes conforme a derecho y, por ende, *no* fue perfeccionado en la forma debida, *respetuosamente disiento de la determinación de la mayoría de este Tribunal de denegar la solicitud de desestimación del recurso de epígrafe.* Veamos.

El miércoles 26 de octubre de 2016, en horas de la tarde, la Lcda. Liza M. García Vélez, presidenta de la Comisión Estatal de Elecciones (CEE), emitió una Resolución atinente a unas apelaciones de solicitudes de voto adelantado de electores con impedimentos de movibilidad (encamados). Posteriormente, en horas de la noche de ese mismo día, la Presidenta de la CEE notificó una Resolución Enmendada de la primera.(²)

De acuerdo con el Art. 4.001 de la Ley Electoral del Estado Libre Asociado de Puerto Rico (Ley Electoral), 16 LPRA sec. 4031 (Art. 4.001), y dado que nos encontramos dentro de los treinta días anteriores a un evento electoral, la parte que no estuviera conforme con la determinación de

---

(¹) Véase también la Moción de Desestimación presentada ante nos por el Comisionado Electoral del Partido del Pueblo Trabajador, Dr. José F. Córdova Iturregui en la tarde del domingo 30 de octubre de 2016.

(²) Aunque dicha Resolución Enmendada aparenta haber sido notificada a las partes a las 8:31 p. m. del miércoles 26 de octubre de 2016 (véase la página 27 del Apéndice que acompaña la Moción Urgente de Desestimación por Falta de Jurisdicción del Tribunal y, en la Alternativa, Solicitud de Orden Aclaratoria sobre Consolidación (Moción Urgente) presentada por los recurridos), las partes parecen estar de acuerdo en que ésta fue notificada a las 9:07 p. m. del día 26. Véanse: Apéndice de la Moción Urgente, pág. 5; Urgente Recurso de Revisión Electoral, presentado por el aquí peticionario Lcdo. Aníbal Vega Borges, Comisionado Electoral del Partido Nuevo Progresista. No obstante el que se haya notificado a las 8:31 p. m. o a las 9:07 p. m. del 26 de octubre, no tiene consecuencia alguna ya que, como veremos más adelante, lo importante es que la Resolución Enmendada en cuestión fue notificada a las partes el 26 de octubre de 2016, por lo que el término de veinticuatro horas en controversia venció en algún momento del jueves 27 de octubre de 2016.

la CEE disponía de un término de veinticuatro horas para *presentar* un escrito de revisión judicial ante el Tribunal de Primera Instancia *y notificarlo* a la CEE y a las demás partes.

Específicamente, el Art. 4.001 dispone, en lo pertinente:

> Dentro de los treinta (30) días anteriores a una elección *el término para presentar el escrito de revisión será de veinticuatro (24) horas.* La parte promovente tendrá la responsabilidad de *notificar dentro de dicho término* copia del escrito de revisión a la Comisión y a cualquier otra parte afectada. (Énfasis suplido).

Del texto de la disposición estatutaria arriba citada surge claramente que la parte cuenta con un único término de veinticuatro horas para presentar y notificar su escrito. Lo anterior está avalado por la norma de hermenéutica legal firmemente arraigada en nuestro ordenamiento jurídico que dispone que "[c]uando la ley es clara [y] libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". Art. 14 del Código Civil de Puerto Rico, 31 LPRA sec. 14.

Por otro lado, aunque el Art. 4.001 no indica que el término de veinticuatro horas para la notificación del recurso de revisión es jurisdiccional,[3] aun si consideramos que dicho término es de cumplimiento estricto, corresponde a la parte peticionaria mostrar "justa causa" para no haber cumplido con él. Recordemos que

> [e]n el caso de los términos de cumplimiento estricto, nuestra jurisprudencia es clara en que los tribunales podrán eximir a una parte de observar su cumplimiento si están presentes dos (2) condiciones: *(1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida. [...] En ausencia de alguna de estas dos (2) condiciones, los tribunales carecen de discreción para prorro-*

---

[3] Véanse, por ejemplo: *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013); *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403–405 (2012).

*gar términos de cumplimiento estricto.* (Énfasis en el original y comillas omitidas). *Soto Pino v. Uno Radio Group*, 189 DPR 84, 93 (2013).

Al remitirnos a los hechos ante nuestra consideración, no está en controversia que la parte peticionaria presentó el recurso de revisión en cuestión ante el Tribunal de Primera Instancia el jueves 27 de octubre de 2016 a las 12:57 p. m., por lo que, conforme a la disposición legal anteriormente indicada, el recurso fue sometido oportunamente dentro del término de veinticuatro horas provisto en la Ley Electoral. Tampoco está en controversia que dicho recurso *no* fue notificado a las partes sino hasta el próximo día luego de su presentación, es decir, el viernes 28 de octubre de 2016. Al respecto, la parte aquí peticionaria *no* ha acreditado que el recurso de revisión en cuestión se le notificó a las otras partes dentro de las veinticuatro horas siguientes a la notificación de la Resolución Enmendada de la CEE en controversia o que tuvo justa causa para no hacerlo. Por el contrario, la parte recurrida nos presentó prueba de que, efectivamente, la notificación del recurso de revisión presentado ante el Tribunal de Primera Instancia ocurrió ya pasadas dichas veinticuatro horas, es decir, luego del jueves 27 de octubre de 2016. Véanse: Moción Urgente, pág. 5; Moción Urgente, Apéndice, pág. 73 (donde surge el recibo del recurso de revisión por parte de la CEE a las 9:57 a. m. del viernes 28 de octubre de 2016). Véase, también, la Moción en Oposición a Desestimación y Acreditando Notificación del Comisionado Electoral del PNP, pág. 12, apartado 38, donde la parte aquí peticionaria admite haber notificado el recurso de revisión a las otras partes entre las 9:30 a. m. y 10:00 a. m. del viernes 28 de octubre de 2016.

Como consecuencia, la parte peticionaria falló en su deber de demostrar que el recurso de revisión presentado ante el foro primario y del cual se acude ante nos mediante el presente recurso de certificación intrajurisdiccional fue, no sólo presentado, sino igualmente notificado a las otras par-

tes *dentro del término de veinticuatro horas dispuesto por ley*. Sólo de dicho modo se hubiese podido concluir que el recurso de revisión en cuestión fue perfeccionado debidamente conforme a derecho.

Por otra parte, tampoco se acreditó la existencia de justa causa para no haber notificado su recurso de revisión dentro de las veinticuatro horas de que la CEE emitiera la Resolución Enmendada, según dispuesto en la Ley Electoral. Por consiguiente, ante falta de justa causa y aun asumiendo que dicho término es de cumplimiento estricto, *tanto el Tribunal de Primera Instancia como este Foro carecemos de discreción para prorrogarlo.*([4])

Le corresponde a las partes perfeccionar los recursos que se presentan ante los tribunales en conformidad con las leyes, los reglamentos y la jurisprudencia existente. *Independientemente de los méritos que pudiera o no tener el asunto presentado ante nos,* los acontecimientos relatados *no* admiten otra conclusión que no sea que procede desestimar el recurso de revisión presentado ante el foro primario, objeto del recurso de epígrafe, por no haberse perfeccionado debidamente conforme a derecho.([5]) Procede, igualmente, conceder la Moción Urgente presentada por los recurridos y anular el auto del recurso de epígrafe, según expedido durante la noche del pasado viernes 28 de octubre de 2016.([6]) Por dichas razones, respetuosamente

---

([4]) *Soto Pino v. Uno Radio Group,* supra, págs. 94-97.

([5]) Véase, por ejemplo, *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975) ("Los abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados ante [los tribunales]. Nos proponemos exigir celosamente que así se haga").

([6]) Cabe señalar que el hecho de que el juez superior Ángel R. Pagán Ocasio haya emitido una Orden el 27 de octubre de 2016 a las 4:26 p. m., en la que señaló una vista para el próximo día, viernes 28 de octubre de 2016 a la 1:30 p. m. en el recurso de revisión en cuestión e instruyó a la parte aquí peticionaria que "diligenciar[a] a las partes indispensables la [...] orden junto con copia de la solicitud de revisión de conformidad a lo prescrito en la Regla 4.4 de Procedimiento Civil, 32 L.P.R.A. Ap. V R. 4.4" —Moción en oposición a desestimación y acreditando notificación del Comisionado Electoral del PNP, Apéndice, pág. 9—, *no* excusaba a la parte peticionaria de notificar su recurso de revisión a las otras partes dentro del término de veinticuatro horas provisto por la Ley Electoral, según indicado arriba. Cabe mencionar, además, que al

*disiento* de la determinación tomada por una mayoría de este Tribunal en relación con este asunto.

momento en que el juez Pagán Ocasio emitió dicha Orden, la parte peticionaria contaba todavía con el resto del día 27 para notificarle su recurso a las otras partes dentro del término de veinticuatro horas antes dispuesto; aun así *no* lo hizo, sin proveer justa causa para su proceder. De hecho, nada impedía que la parte aquí peticionaria le hubiera notificado *por fax o por correo electrónico* el recurso de revisión a las demás partes, y posteriormente, las emplazara con copia de la Orden del foro primario y del recurso, en estricto cumplimiento con los términos de dicha Orden. Véanse las Reglas 67.1 y 67.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V).